KING, P.J.,
for the Court:
¶ 1. Johnnie Lee Hudson perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of Copiah County, Mississippi. Hudson was sentenced, as an habitual offender, to serve fifteen years for burglary of an occupied dwelling. Hudson has alleged that he received ineffective assistance of counsel.
FACTS
¶ 2. On November 12, 1994, Johnnie Lee Hudson was arrested for burglary of an inhabited dwelling. Hudson entered the home of Emma Jean Gordy by forcing open an outer window and climbing through. Gordy and her two minor grandchildren were inside asleep when Hudson entered her home. While inside, Hudson stole checks which belonged to Gordy. Approximately two days later, Hudson attempted to use the stolen checks to purchase merchandise. In November 1994, a Copiah County Grand Jury indicted Hudson, as an habitual offender, for burglary of an inhabited dwelling.
¶ 3. On February 9, 1995, in open court, Hudson entered his guilty plea to the burglary of an inhabited dwelling. The trial judge then questioned Hudson extensively to determine whether his plea to the charge was knowingly and voluntarily made. The charge was read, and Hudson testified that he understood the nature of the charge and had in fact committed the crime.
¶ 4. The trial judge questioned Hudson to determine if he understood that the maximum sentence allowable, as enhanced because of his habitual offender status, was fifteen years. Hudson acknowledged that he understood this to be the maximum penalty for his offense. The trial judge informed Hudson that a guilty plea would waive his right to a jury trial, other constitutional protections, and an appeal to the supreme court. Hudson acknowledged his understanding, and affirmed his desire to plead guilty. The court accepted the plea, and scheduled a date for the sentencing hearing.
¶ 5. On February 13, 1995, Hudson was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by that sentence, Hudson petitioned the Copiah County Circuit Court for post-conviction relief on February 19, 1999. The Copiah *850 County Circuit Court denied the motion, finding that Hudson was time barred by Miss.Code Ann. § 99-39-5(2)(Rev.2000). From that denial of relief, Hudson has perfected this appeal.
ISSUE AND ANALYSIS
¶ 6. This Court affirms the circuit court’s order dismissing the motion for lack of timeliness pursuant to Miss.Code Ann. § 99-39-5(2).
¶ 7. Section 99-39-5(2) requires requests for post-conviction relief from guilty pleas to be filed within three years after entry of the judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Hudson has failed to put forth any facts to require consideration of his appeal outside the three year period of limitation.
¶ 8. Accordingly, this matter is affirmed.
¶ 9. THE JUDGMENT OF THE COPI-AH COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. CHANDLER, J, NOT PARTICIPATING.